**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David H. Busch, Jr.,<br><br>    Plaintiff,<br><br>vs.<br><br>Seahawk Software Development, L.L.C., Russell T. Bullock and Jane Doe,<br><br>    Defendants. | No. CV 04-0425-PHX-PGR<br><br><u>ORDER and OPINION</u> |

Pending before the Court is the plaintiff's Motion for Default Judgment (doc. #21), wherein the plaintiff seeks default judgment against defendants Seahawk Software Development, L.L.C. ("Seahawk") and Russell T. Bullock ("Bullock").[1] Having considered Plaintiff's Memorandum of Points and Authorities in Support of Application for Entry of Default Judgment and Permanent Injunction Against Defendants (doc. #30) in light of the record as a whole, the Court finds that the

---

[1] The plaintiff has not moved for entry of default or default judgment against defendant Jane Doe Bullock. Since there is nothing in the Court's record establishing that Jane Doe Bullock has been served with process and the deadline for doing so having expired on July 6, 2004, the Court will dismiss her from this action without prejudice pursuant to Fed.R.Civ.P. 4(m).

plaintiff is entitled to the entry of a default judgment. The Court further finds that the present record is sufficient, albeit perhaps minimally so, to support the entry of a default judgment without a hearing.

The plaintiff's Complaint for Copyright Infringement alleges that Seahawk and Bullock's marketing of two software programs, CommwarePRO and Commware Lite, directly infringe upon the plaintiff's exclusive copyrights in two software programs, Commware version 5.06 without report subsystem (Count I) and Commware version 5.06 report subsystem (Count II) in violation of 17 U.S.C. § 106 and § 501(a). The Complaint seeks injunctive relief pursuant to 17 U.S.C. § 502(a) and § 503 (Count 3), as well as damages pursuant to 17 U.S.C. § 504 and attorneys' fees and costs pursuant to 17 U.S.C. § 505.

<u>Propriety of Entry of Default Judgment</u>

Notwithstanding the entry of default, entry of a default judgment is a matter entirely within the Court's discretion and not a matter of right. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has noted that a court should consider the following factors in exercising its discretion as to the entry of a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the federal Rules of Civil Procedure favoring decisions on the merits.

<i>Id.</i>

The Court concludes that the <u>Eitel</u> factors militate in favor of entry of the requested default judgment.[2] The first <u>Eitel</u> factor favors entry of default

---

[2] The Court reaches this conclusion despite the failure of the plaintiff's counsel to specifically discuss the <u>Eitel</u> factors in the plaintiff's supporting memorandum. The Court finds this failure to be inexplicable given that the Court had specifically informed

1  judgment because the failure to enter the judgment would prejudice the plaintiff
2  given that he alleges that Seahawk and Bullock (and their successors) have
3  continued to infringe his copyrights notwithstanding their knowledge of the
4  existence of the plaintiff's copyrights and of this action.

5  The second Eitel factor favors entry of judgment because the well-pled
6  allegations in the complaint regarding liability are deemed to be true as a result of
7  the entry of default, Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir.),
8  cert. denied, 537 U.S. 1018 (2002), and because the plaintiff has supported his
9  claims with copies of the certificates of registration in his name from the U.S.
10 Copyright Office for the software at issue, Micro Star v. Formgen Inc., 154 F.3d
11 1107, 1110 (9th Cir. 1998) (copyright registration creates a presumption of
12 ownership), as well as an affidavit from the plaintiff setting forth the infringing
13 activity, and because Seahawk and Bullock have raised no defenses to the
14 claims.

15 The third Eitel factor favors entry of judgment because the complaint
16 sufficiently alleges the two elements of a copyright infringement claim: the
17 ownership of a valid copyright by the plaintiff and the unauthorized copying of
18 expression protected by that copyright by Seahawk and Bullock. Micro Star, 154
19 F.3d at 1109.

20 The fourth Eitel factor favors entry of judgment notwithstanding that there is
21 no evidence of the plaintiff's actual damages because a significant amount of
22 money is at stake given that the plaintiff has established that he is entitled to
23 enhanced statutory damages due to Seahawk and Bullock's willful infringement of

---

25 the plaintiff of the Eitel factors in two previous orders (docs. #20 and #28) and directed
   the plaintiff to set forth in his memorandum why a default judgment should be entered in
26 light of Eitel.

the plaintiff's copyrights.

The fifth Eitel factor favors entry of judgment because the entry of default establishes that the truth of the non-damages-related factual allegations in the complaint, Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977), and Seahawk and Bullock have not raised any factual disputes.

The sixth Eitel factor is at least neutral because the plaintiff has established that Seahawk and Bullock have made no effort to make an appearance in this action or to have the entry of default vacated notwithstanding they have been served with the complaint and with notice of the requests for entry of default and for default judgment.  There is nothing in the record to suggest any excusable neglect by Seahawk and Bullock.

The final Eitel factor at best weighs lightly against entry of default judgment because the case cannot be resolved on the merits given the defendants' continuing unwillingness to make any appearance notwithstanding their knowledge of the action.

Damages

The plaintiff, as is his right, has elected to seek statutory damages pursuant to 17 U.S.C. § 504(c).  He has requested a total award of $600,000 in statutory damages, comprised of a maximum award of $150,000 for each of four acts of willful copyright infringement.

The Court has wide discretion to award statutory damages "with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally" anywhere in the range from a minimum of $750 to a maximum of $30,000 "as the court considers just."  17 U.S.C. § 504(c)(1).  However, the Court may increase the statutory damages award to not more than $150,000 per infringed work if the copyright owner

1  establishes that the infringement "was committed willfully."  17 U.S.C. § 504(c)(2).
2  The Ninth Circuit, noting that there is no legislative definition, has concluded that
3  willful infringement means "with knowledge that the defendant's conduct
4  constitutes copyright infringement."  Peer International Corp. v. Pausa Records,
5  Inc., 909 F.2d 1332,1335 n.3 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109 (1991).

6        The Court concludes that enhanced damages are appropriate here
7  because the plaintiff has made a prima facie showing of willfulness.  In addition to
8  the legal effect of the entry of default on the complaint's allegations of willfulness,
9  *see* Warner Bros. Entertainment Inc. v. Caridi, 346 F.Supp.2d 1068, 1074
10 (C.D.Cal. 2004) (Court noted that allegation of willful infringement must be taken
11 as true as a result of the entry of default), the plaintiff has submitted evidence
12 sufficiently establishing that Seahawk and Bullock marketed their software
13 programs notwithstanding their knowledge that by doing so they were infringing
14 the plaintiff's two Commware copyrights.

15       More specifically, the plaintiff states in his affidavit that the Maricopa
16 County Superior Court awarded him, through his counterclaim filed in a suit
17 against him and others by David H. Busch, Sr. and his sole proprietorship, Wizard
18 Software, complete ownership of the copyrights at issue.  The plaintiff has
19 submitted a copy of the superior court's declaratory judgment, filed October 9,
20 2001, which declares that the plaintiff "is the owner of the copyrights pertaining to
21 Comm Ware DOS and all derivative works therefrom, including, without limitation,
22 the software known as TeleTracker 6.1 and all other derivative works arising from
23 this software."

24       The plaintiff also states in his affidavit that after the superior court's
25 judgment, Busch, Sr. entered into a business relationship with Bullock and
26 Wendell Lackey whose business, Seahawk, began selling licences for the

Commware software without the plaintiff's permission. The plaintiff further states in his affidavit that his former attorney wrote Bullock, in his capacity as Seahawk's manager and statutory agent, a cease and desist letter on November 19, 2003 informing him of the superior court's judgment and demanding that Seahawk cease selling the Commware software; a copy of the letter has been submitted as an exhibit to both the complaint and the supporting memorandum. The letter notes in part that Seahawk is a successor business to Busch, Sr.'s company, Wizard Software, in that it was servicing the same customers and selling the same infringing software as Wizard, it was using the same website to sell the infringing products that Wizard used ("commware.com") and that the website then still displayed the Wizard name. The plaintiff also states in his affidavit that Seahawk, Bullock, and Lackey ignored the cease and demand letter and are continuing to sell the infringing software.

      The plaintiff further states in his affidavit that Bullock contacted him after the commencement of this action to offer to settle this action, which the plaintiff believes was a ploy to allow Bullock time to form two new companies, Datahawk Software, LLC, formed on September 24, 2004, and Datahawk One, LLC, formed on April 14, 2005; the plaintiff also states that Seahawk ceased doing business in September, 2004 when Datahawk Software was formed and that Datahawk Software then began selling, licensing, and servicing Commware software. The plaintiff has submitted a current copy of the commware.com website which now refers to Datahawk Software and which has a section that informs "Commware 5.20 customers" that the Datahawk software product will supersede Commware 5.20 in September, 2005.

      The Court concludes that the requested maximum award of $150,000 per infringement is appropriate here given Seahawk and Bullock's willfulness and

1  their decision to ignore this action which suggests that they do not take seriously
2  the illegality of their infringing activity.

3  Permanent Injunction

4  　　　The plaintiff also seeks a permanent injunction to prevent any future
5  copyright infringement by the defendants or any related entities.  The Copyright
6  Act provides that a court may grant a final injunction "on such terms as it may
7  deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C.
8  § 502(a).  The Act also provides that a court, as part of a final judgment, may
9  order the destruction or other reasonable disposition of all copies found to have
10 been made or used in violation of the copyright owner's exclusive use.  17 U.S.C.
11 § 503(b).   The Court concludes that the plaintiff has established, albeit very
12 marginally so, that the entry of a permanent injunction is appropriate here.

13 　　　The Court rejects the plaintiff's position that a "permanent injunction should
14 issue when copyright violations are shown" as an incorrect general statement of
15 the law.  *See e.g.*, eBbay, Inc. v. MercExchange, L.L.C., _ U.S. _, 126 S.Ct.
16 1837, 1840 (2006) ("Like the Patent Act, the Copyright Act provides that courts
17 'may' grant injunctive relief 'on such terms as it may deem reasonable to prevent
18 or restrain infringement of a copyright. 17 U.S.C. § 502(a).  And as in our decision
19 today, this Court has consistently rejected invitations to replace traditional
20 equitable considerations with a rule that an injunction automatically follows a
21 determination that a copyright has been infringed,")

22 　　　In order to be entitled to a permanent injunction, the plaintiff must establish
23 that the infringement of his copyrights at issue is likely to continue.  *See* MAI
24 Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993) (Court
25 stated that "[a]s a general rule, a permanent injunction will be granted when
26 liability has been established and there is a threat of continuing violations."); *see*

*also,* Orantes-Hernandez v. Thornbaugh, 919 F.2d 549, 564 (9th Cir. 1990) ("Permanent injunctive relief is warranted where ... defendant's past and present misconduct indicates a strong likelihood of future violations.") In determining the likelihood of further infringement, "[t]he necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." Cummings v. Connell, 316 F.3d 886, 897 (9th Cir.), *cert. denied*, 539 U.S. 927 (2003) (quoting from United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953)).  The Court concludes that the plaintiff has sufficiently shown that there is a threat of continuing infringements by at least Bullock.

In addition, the plaintiff must satisfy the traditional four-factor test for a permanent injunction by demonstrating: (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between himself and the defendants, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. eBbay, Inc. v. MercExchange, L.L.C., 126 S.Ct. at 1839.

Despite the plaintiff's failure to specifically discuss these factors in his supporting memorandum, the Court concludes that they militate in favor of the granting of a permanent injunction because the liability established by the entry of default establishes the plaintiff's success on the merits, which in turn raises a presumption of irreparable harm, Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999) ("Under federal copyright law, ... a plaintiff that demonstrates a likelihood of success on the merits of a copyright infringement claim is entitled to a presumption of irreparable harm."); *accord*, LGS Architects, Inc. v. Concordia Homes of Nevada, 434 F.3d 1150, 1155 (9th Cir. 2006),

because continuing infringement causes irreparable injury that cannot be fully compensated or measure in money, because the plaintiff's establishment of Seahawk's and Bullock's liability means that the balance of hardship issue is accorded little if any weight, Cadence Design Systems, Inc. v. Avant! Corp., 125 F.3d 824, 830 (9th Cir. 1997), *cert. denied*, 523 U.S. 1118 (1998) ("[T]he balance of hardships issue cannot be accorded significant - if any - weight in determining whether a court should enter a preliminary injunction to prevent the use of infringing material in cases where ... the plaintiff has made a strong showing of likely success on the merits."), and because the public interest is the interest of upholding copyright protections. Autoskill, Inc. v. National Educational Support Systems, Inc., 994 F.2d 1476, 1499 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993).

The Court further concludes that Seahawk and Bullock should be permanently enjoined from infringing not only the copyrighted software at issue, but also from infringing all of the plaintiff's copyrighted works, including his future copyrighted works. *See* Princeton University Press v. Michigan Document Services, Inc., 99 F.3d 1381, 1392 (6th Cir. 1996), *cert. denied*, 520 U.S. 1156 (1997) ("The weight of authority supports the extension of injunctive relief to future works."); Olin Mills, Inc.v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994) (Court noted that it is permissible in copyright infringement cases to issue a permanent injunction that applies to future works); Walt Disney Co. v. Powell, 897 F.2d 565, 568 (D.C.Cir. 1990) (same).

Fees and Costs

In addition to the $600,000 in statutory damages, the plaintiff is seeking an award of attorneys' fees and costs in the total amount of $5,341.75.  Pursuant to 17 U.S.C. § 505, the Court has the discretion to award "full costs" to the prevailing party, which may include "a reasonable attorney's fee".

1 | The Court will award the plaintiff the requested $660.00 in costs as they
2 | consist of the filing fee, service of process fee, and publication fee.
3 | The Court will also award the plaintiff reasonable attorneys' fees, but not in
4 | the requested amount of $4,681.75.  The Court initially notes that it rejects the
5 | plaintiff's contention that attorneys' fees are generally awarded to a prevailing
6 | plaintiff in a copyright infringement case.  The Supreme Court, in a decision
7 | issued subsequent to all of the case law cited by the plaintiff, rejected the
8 | contention that § 505 mandates the automatic recovery of attorney's fees by the
9 | prevailing party absent exceptional circumstances, holding instead that attorney's
10 | fees are to be awarded under § 505 only as a matter of the court's discretion.
11 | Fogerty v. Fantasy, Inc., 510 U.S. 517, 1534, 114 S.Ct. 1023, 1033 (1994).
12 | Although neither cited nor discussed by the plaintiff, the Ninth Circuit, post-
13 | Fogerty, has identified five non-exclusive factors that should be considered in
14 | deciding whether to award attorney's fees in a copyright infringement case: the
15 | degree of success obtained by the moving party, the frivolousness of any claims;
16 | the motivation for the claims; the objective unreasonableness of the factual and
17 | legal arguments advanced in support of the claims; and the need in particular
18 | circumstances to advance considerations of compensation and deterrence.
19 | Magnuson v. Video Yesteryear, 85 F.3d 1424, 1432 (9th Cir. 1996); Jackson v.
20 | Sturkie, 255 F.Supp.2d 1096, 1104 (N.D.Cal. 2003).   Willful infringement does
21 | not, in itself, compel an award of attorney's fees. Historical Research v. Cabral,
22 | 80 F.3d 377, 379 (9th Cir. 1996).
23 | The relevant factors militate in favor of awarding attorneys' fees here
24 | because the plaintiff's has successfully established the liability of Seahawk and
25 | Bullock, the plaintiff's claims were brought to vindicate the goals of the Copyright
26 | Act and cannot be considered frivolous, and an award of fees serves the goal of

deterring similar infringement misconduct.

According to the supporting affidavit of plaintiff's counsel Paul E. Steen, the requested attorneys' fees of $4,681.75 are for 25.85 hours of work performed between February, 2004 and February, 2006 by three attorneys, at hourly rates of $250 per hour for Paul Steen (5.65 hours), $225 per hour for Garry Keister (9.40 hours), and $150 per hour for David Gingras (10.80 hours). Although the plaintiff has not established through Steen's affidavit that the requested hourly rates are reasonable in light of the prevailing market rate in this community, the Court concludes that the hourly rates are not unreasonable, especially in view of the fact that the two lower-billing attorneys did most of the work.

The Court also concludes that the total number of hours expended is not unreasonable, particularly in light of the fact that the plaintiff's counsel apparently exercised billing judgment in not seeking fees for the time spent in responding to the Court's various orders requiring an explanation for the plaintiff's failure to comply with deadlines for filing the default judgment supporting memorandum, and in seeking to vacate the Court's previous dismissal of this action pursuant to Fed.R.Civ.P. 41(b) as a sanction for the plaintiff's failures to comply with the Court's orders.

However, notwithstanding this exercise of billing judgment, the Court further concludes that the requested fee award should be reduced by ten percent as a sanction for the wasting of scarce judicial resources that occurred because the Court was needlessly forced to issue five orders to resolve the issues caused by the plaintiff's repeated failures to timely file the required supporting memorandum.

Therefore,

IT IS ORDERED that defendant Jane Doe Bullock is dismissed without

prejudice from this action pursuant to Fed.R.Civ.P. 4(m).

IT IS FURTHER ORDERED that plaintiff David H. Busch, Jr.'s Motion for Default Judgment (doc. #21) is granted to the extent that a default judgment shall be entered against defendants Seahawk Software Development, L.L.C. and Russell T. Bullock in the total amount of $604,873.57, consisting of $600,000.00 in statutory damages pursuant to 17 U.S.C. § 504(c)(2), and $4,213.57 in attorneys' fees and $660.00 in costs pursuant to 17 U.S.C. § 505.

IT IS FURTHER ORDERED that plaintiff David H. Busch, Jr. is awarded interest pursuant to 28 U.S.C. § 1961 on the statutory damages and fees and costs awarded him.

IT IS FURTHER ORDERED pursuant to 17 U.S.C. § 502(a) that defendants Seahawk Software Development, L.L.C. and Russell T. Bullock, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently enjoined from directly or indirectly infringing plaintiff David H. Busch. Jr.'s rights in his software programs "Commware version 5.06 without report susbsystem", certificate of registration number TX-5-154-071, and "Commware version 5.06 report subsystem", certificate of registration number TX-5-154-072, and any other software, whether now in existence or later created, that is owned or controlled by the plaintiff or by any parent or subsidiary of the plaintiff ("Plaintiff's Software"), and from making any of Plaintiff's Software available for distribution to the public, except pursuant to a lawful license or with the express written authority of the plaintiff.

IT IS FURTHER ORDERED pursuant to 17 U.S.C. § 503(b) that defendants Seahawk Software Development, L.L.C. and Russell T. Bullock shall destroy all copies of Plaintiff's Software that they, or any of their officers, agents,

1 servants, or employees, have copied onto any computer hard drive or server
2 without plaintiff David H. Busch, Jr.'s authorization, and shall destroy all copies of
3 those unauthorized downloaded copies that has been transferred onto any
4 physical medium or device in their possession, custody, or control.

5     IT IS FURTHER ORDERED that the Clerk of the Court shall enter
6 judgment accordingly.

7     DATED this 12th day of June, 2006.

_____
Paul G. Rosenblatt
United States District Judge

- 13 -